IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED KNOX, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-CV-572-DWD |
| WARDEN BUTLER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge**

Plaintiff Ted Knox, an inmate in the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), brought this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was dismissed on summary judgment (Doc. 83). Plaintiff has now filed a Motion to Alter or Amend the Judgment (Doc. 87). The Motion is DENIED.

Plaintiff's Motion was filed within 28 days of the entry of judgment and will be considered under Federal Rule of Civil Procedure 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Amendment of the judgment under Rule 59(e) is "proper only when the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017). It is an "extraordinary remed[y] reserved for the exceptional case." *Childress v. Walker*, 787 F.3d 433, 442 (7th Cir. 2015). A Rule 59(e) motion "does not

provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Rule 59(e) may also not be used to "rehash previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Plaintiff appears to allege three errors of law or fact in the Order granting summary judgment, none of which are either clearly established or material.

First, he suggests that although the pamphlets on the dangers of smoking from the CDC and American Cancer Society may be inadmissible hearsay under Federal Rules of Evidence 801 and 802, the contents thereof created a genuine issue of material fact. Plaintiff is correct that the Federal Rules of Civil Procedure "allow parties to oppose summary judgment with materials that would be inadmissible at trial so long as facts therein could later be presented in an admissible form." *Olson v. Morgan*, 750 F.3d 708, 714 (7th Cir. 2014). However, Plaintiff cannot offer the contents of those pamphlets in an admissible form. The contents of the pamphlets are essentially expert testimony under Federal Rules of Evidence 701 and 702. As Plaintiff did not offer any expert witness who would be competent to testify on the underlying information that forms the bases of the pamphlets, it would also not be admissible at trial. The Seventh Circuit has recognized that expert testimony is necessary in such cases. See *Henderson v. Sheahan*, 196 F.3d 839, 852 (7th Cir. 1999)

Plaintiff also asserts that the Smoke Free Illinois Act (codified at 410 Ill. Comp. Stat. 82/1 *et seq.*) is admissible evidence precluding summary judgment. Specifically, Plaintiff

points to the preliminary recitals in the Act. In those recitals, the Illinois legislature found that "tobacco smoke is a harmful and dangerous carcinogen to human beings and a hazard to public health" and that the United States Surgeon General "has determined that there is no risk-free level of exposure to secondhand smoke[.]" 410 Ill. Comp. Stat. 82/5. To defeat a motion for summary judgment on a monetary-damages claim for increased risk of future harm due to ETS exposure, controlling Seventh Circuit precedent requires a plaintiff to "proffer competent and reliable expert medical testimony that there was a reasonable medical certainty that he himself faces some defined level of increased risk of developing a serious medical condition and that this increased risk was proximately caused by his exposure to second-hand smoke[.]"). *Henderson*, 196 F.3d at 852. The legislative pronouncements of the General Assembly as to the general harmfulness of second-hand tobacco exposure, even if accepted as fact, are not sufficient to meet the standard articulated.[1]

Finally, Plaintiff argues that the Court should have allowed him to "relitigate" his summary judgment response after denying his Rule 56(c) motion. The Motion related to an aerial photograph purporting to show the distance between an outdoor area where smoking occurred and the cellhouse where Plaintiff was housed, which was not provided to Plaintiff. The Court denied the Motion because the distance (and therefore the photograph) was immaterial to the Defendants' entitlement to summary judgment.

---

[1] Plaintiff also suggests that the General Assembly's recitations are evidence that the risks associated with involuntary exposure to any ETS are "not one[s] that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). That may be the case, but the Seventh Circuit's test for future *monetary* claims requires more.

Giving Plaintiff an opportunity to amend his response on a non-dispositive issue would have been pointless, and so failure to do so is not a manifest error of law or fact.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment (Doc. 87) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 11, 2021**

_____
**DAVID W. DUGAN**
**United States District Judge**